IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 25, 2001

## JOSEPH HOUGH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamblen County
No. 96-CR-008   James E. Beckner, Judge**

_____

**No. E2000-02653-CCA-R3-PC
October 9, 2001**
_____

The petitioner's first post-conviction petition was dismissed in 1996, the petitioner, apparently, having been released from custody before the hearing and not appearing at the hearing to testify. Back in custody, at some point, he filed in 2000 a motion to reopen his petition, which was denied. He then filed an untimely appeal from that dismissal and proceeded, on appeal, as if the motion had been granted and the issues were those raised in his 1996 petition. Based upon our review, we conclude that the appeal should be dismissed because it was untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

Joseph Hough, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Victor J. Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**DISCUSSION**

The petitioner, Joseph Hough, was convicted of one count of theft of property over $1000 but less than $10,000 and three counts of theft of property valued at $500 or less, receiving sentences, respectively, of three years and six months and eleven months and twenty-nine days, the sentences to be served concurrently. The convictions were affirmed by this court on direct appeal in State v. Joseph Hough, No. 03C01-9404-CR-00143, 1995 WL 358070 (Tenn. Crim. App. June 13, 1995). He filed a *pro se* petition for post-conviction relief on January 10, 1996, alleging ineffective assistance of counsel, as well as other matters. The public defender was appointed to represent him, and the matter was set for hearing on March 15, 1996. According to an order entered by the post-conviction court on July 19, 1996, the hearing, apparently, was reset on several

occasions, with a notice, and then a notice by certified mail, being sent to the petitioner to advise him of the resetting. The order recites that "Defendant was released from the Department of Correction and went directly to Georgia." The post-conviction court dismissed the petition on July 19, 1996.

The next action in the matter occurred when the petitioner filed a motion to reopen his post-conviction petition. Although the record does not reflect the date upon which this motion was filed, it appears that it occurred in late May 2000, the motion bearing the notary seal of May 26, 2000. In the motion, a chronology, apparently in the petitioner's handwriting, not explaining why he failed to appear at the July 1996 hearing on his original petition, claimed that in November 1996, he was involved in a "wreck"; in September 1997, he was "release[d]"; and on June 12, 1998, he was apparently rearrested.

In his motion to reopen, as the new scientific evidence establishing his actual innocence, the following ground was given: "The original document I sign with detective Kilgore - has X on the sides. The information could be included as the Brady material." The petitioner alleges that he became aware of this evidence in March 2000, when he "started researching Tenn Jury Instruction Rule book." He then stated that the new evidence established his actual innocence, because Tennessee Pattern Jury Instruction 42.20 - Inference of Stolen Property, apparently would have allowed the jury to find that he "bought the items honestly."

The motion to reopen was denied on June 23, 2000, and the petitioner then sent a notice of appeal to the Hamblen County Criminal Court on August 16, 2000, according to the certificate of service, the file-stamped date of the petition being August 22, 2000.

On appeal, the petitioner does not argue why his petition to reopen should have been granted but, instead, proceeds as if the appeal is from the dismissal of his original post-conviction petition, the dismissal occurring in 1996, setting out, as the issues on appeal, whether he should have been granted post-conviction relief, whether he was denied effective assistance of counsel, and whether the trial court erred in allowing a document into evidence.

The circumstances under which a previously dismissed post-conviction petition may be reopened are set out in Tennessee Code Annotated Section 40-30-217:

> (a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:
>
> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted;  or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid;  and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

(b) The motion must set out the factual basis underlying its claims and must be supported by affidavit.  The factual information set out in the affidavit shall be limited to information which, if offered at an evidentiary hearing, would be admissible through the testimony of the affiant under the rules of evidence.  The motion shall be denied unless the factual allegations, if true, meet the requirements of subsection (a).  If the court grants the motion, the procedure, relief and appellate provisions of this part shall apply.

(c) If the motion is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal.  The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.  The state shall have ten (10) days to respond. The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion.  If it determines that the trial court did so abuse its discretion, the court of criminal appeals shall remand the matter to the trial court for further proceedings.

The petitioner has not presented scientific evidence showing his actual innocence or alleged any other of the statutory reasons for reopening a petition for post-conviction relief.  Instead, he has rehashed on appeal, from the portion of the form motion for the detailing of such evidence, complaints about the evidence allowed during his trial.  Thus, since he made no showing of scientific proof of his actual innocence, or even alleged its existence or any of the other statutory bases for reopening, the post-conviction court was correct in denying his motion to reopen.  Even if it had

been incorrect, however, the petitioner's appeal of the dismissal was untimely, for an appeal from such a dismissal must be made within ten days of the dismissal order. <u>See</u> Tenn. Code Ann. § 40-30-217(c). The petitioner's appeal, made approximately sixty days later, was untimely and should be dismissed.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, the appeal is dismissed.

_____
ALAN E. GLENN, JUDGE